UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| SAMUEL MOSES, | ) | | |
|---|---|---|---|
| Petitioner, | ) | | |
| v. | ) | No. | 3:22-CV-365-KAC-JEM |
| STATE OF TENNESSEE, | ) | | |
| Respondent. | ) | | |

## MEORANDUM OPINION AND ORDER

Petitioner Samuel Moses, a pretrial detainee currently incarcerated in the Loudon County Jail, is proceeding pro se on a petition for writ of habeas corpus [*see* Doc. 1] under 28 U.S.C. § 2241.[1] Petitioner also filed a "Motion to Supplement" his Petition [Doc. 8], which the Court **GRANTS** for good cause. The Court, therefore, considers both Petitioner's initial Petition and the allegations in his "Supplement" in assessing Petitioner's request for relief.[2] Petitioner also filed a motion seeking to proceed *in forma pauperis* in this action [Doc. 3]. For the reasons below, the Court grants Petitioner's motion to proceed *in forma pauperis* [Doc. 3] and dismisses this action without prejudice.

---

[1] Petitioner does not identify any particular federal habeas provision as a basis for relief [*See* Docs. 1, 8]. However, because he is challenging his pretrial detention, this action is properly considered under 28 U.S.C. § 2241. *See Phillips v. Ct. of Common Pleas*, *Hamilton Cnty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012) (holding that 28 U.S.C. § 2254 applies to habeas petitions filed after a state-court judgment of conviction, but Section 2241 governs pretrial habeas petitions).

[2] Petitioner also filed a November 21, 2022 letter with the Court that contains additional information [Doc. 7]. Because Petitioner did not seek permission to supplement his Petition with this additional information, as is required, the Court does not specifically consider the additional information in the letter when assessing Petitioner's Petition. But even if the Court had specifically considered the additional information in the letter, the Court would dismiss the Petition.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Because Petitioner's motion to proceed *in forma pauperis* and supporting documents demonstrate that he lacks the resources to pay the filing fee, the Court **GRANTS** Petitioner's motion to proceed in *forma pauperis* [Doc. 3].

## II. REVIEW OF PETITION

### A. Allegations

On March 26, 2021, Petitioner's girlfriend ran into Bimbo's, an establishment located in Lenoir City, Tennessee, and advised a store employee she knew that she needed help [Doc. 1 at 6, 8]. Petitioner initially pursued his girlfriend inside the store, but when the store employee called 911, Petitioner fled in the Volkswagen Beetle in which the couple arrived [*Id.*]. The owner of the Volkswagen Beetle had not given Petitioner permission to use it [*Id.* at 6, 7].

On March 29, 2021, Petitioner, then driving a different vehicle, was involved in a pursuit with law enforcement [*Id.* at 4]. Petitioner was ultimately apprehended, and he stated that he ran from law enforcement because he had outstanding warrants for kidnapping and assault stemming from an incident with his girlfriend [*Id.*]. Petitioner was arrested on several charges, including aggravated assault, kidnapping, rape, and drug charges [*See id.* at 4, 5, 6, 13].

In his Petition, as supplemented, Petitioner contends that officials at the Loudon County Jail have interfered with his mail; that his lawyer is operating under a conflict of interest due to his previous representation of two prosecution witnesses in Petitioner's case; that his lawyer will not go over discovery, maintain appointments, reply to letters, or withdraw from Petitioner's case; that Detective Fritz lied about Petitioner's tag information; and that false/inconsistent reports have been filed to pursue charges against him [*Id.* at 1-4; Doc. 8 at 1]. Petitioner also suggests that he cannot obtain a fair trial in his current venue, and he asks the Court "to protect [his] right[s] as [he] deserve[s]" [Doc. 1 at 4].

2

### B. Analysis

Federal courts have the authority to issue a writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Therefore, Petitioner has the right to seek federal habeas relief. But "absent 'special circumstances,'" that relief does not extend to "adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) (citation omitted). In fact, the instances permitting a pretrial detainee to challenge his prosecution prior to judgment are "rare" and "such claims are extraordinary." *Christian v. Wellington*, 739 F.3d 294, 298 (6th Cir. 2014). Courts have recognized an important distinction between (1) a detainee who improperly seeks to "abort a state proceeding or. . . disrupt the orderly functioning of state judicial processes" by litigating defenses to a prosecution prior to trial, and (2) one who seeks merely to enforce the state's obligation to try him promptly. *Atkins v. People of State of Mich.*, 644 F.2d 543, 547 (6th Cir. 1981) (citing *Braden*, 410 U.S. at 491). A pretrial detainee who files a habeas petition to prevent or interfere with a prosecution is seeking an objective not normally attainable through pre-trial habeas proceedings. *Id*.

While the relief Petitioner seeks is varied, Petitioner's main goal appears to be federal intervention in the State's prosecution of him. But the record does not show any special circumstances that would warrant federal intervention into the criminal charges pending against Petitioner at this time. Rather, by filing the instant action, Petitioner seeks to disrupt the orderly functioning of a state judicial process, and no federal intervention is warranted. *See id*. at 546 (holding federal courts should abstain from the exercise of Section 2241 jurisdiction "if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other

3

state procedures available to the petitioner"). Accordingly, the Court will dismiss Petitioner's petition on this basis.

Further, even if Petitioner did have an extraordinary claim, something the record does not show, he must "exhaust all available state court remedies before proceeding in federal court." *Phillips*, 668 F.3d at 810. This exhaustion doctrine "has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546. Here, Petitioner does not indicate that he has exhausted all available state court remedies to address his alleged constitutional claims. *See Phillips*, 668 F.3d at 810. His Petition, then, fails on that basis too.

Finally, the Court notes that at least one of Petitioner's allegations—that Loudon County Jail officials have interfered with his mail—may implicate the violation of his civil rights under 42 U.S.C. § 1983, and that statute, rather than § 2241, is the appropriate vehicle for any such claim. However, pro se prisoner litigants proceeding *in forma pauperis* in Section 1983 actions must eventually pay the $350.00 filing fee. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997); 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full filing fee."). Therefore, the Court declines to automatically construe Petitioner's allegations under Section 1983 in this proceeding. Instead, the Court advises Petitioner that if he desires to proceed against any allegedly responsible party in a Section 1983 action, he will need to file a separate action and either pay the filing fee or move to proceed as a pauper. Accordingly, the Court **DIRECTS** the Clerk to mail Petitioner a Section 1983 form and the documents necessary to seek *in forma pauperis* status in a Section 1983 action. If Petitioner desires to proceed in a Section 1983 action, Petitioner should fill out those documents and remit them to the Court.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioner's motion to proceed *in forma pauperis* [Doc. 3] and **DISMISSES** the instant petition [Doc. 1] **WITHOUT PREJUDICE**. Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court **DENIES** a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); s*ee also Greene v. Tenn. Dep't of Corrs.*, 265 F.3d 369, 371 (6th Cir. 2001). Additionally, any appeal from this decision would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24. Therefore, should Petitioner file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See id.* An appropriate judgment shall enter.

**SO ORDERED.**

**ENTER:**

      s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge